UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 19-10199-RWZ

UNITED STATES

v.

BINH THANH LE

ORDER

September 24, 2019

ZOBEL, S.D.J.

Defendants Binh Thanh Le ("Le"), Steven McCall ("McCall"), and Allante Pires ("Pires") are charged with conspiracy to manufacture, distribute, and possess with intent to distribute controlled substances 3,4-Methylenedioxymethamphetamine, Ketamine, and Alprazolam in violation of 21 U.S.C. § 846. After an evidentiary hearing, Magistrate Judge Dein ordered the defendants detained pending trial. McCall and Pires filed motions to revoke their detention orders, which were granted. Docket ## 31, 50. Le now seeks review of his detention order, which this court considers de novo. United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir.1990).

I.  **Discussion**

Based on the evidence supporting the statutory factors under the Bail Reform Act, including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and

1

(4) the danger that would be posed to the community by the defendant's release,[1] 18 U.S.C. § 3142(g), I agree with Magistrate Judge Dein's conclusion that "no conditions of release would reasonably insure the safety of the community or Le's appearance." Docket # 26.

### A. Public Safety Concerns

This case involves a conspiracy to manufacture and distribute significant quantities of controlled substances. The government alleges that the defendants, primarily operating out of an office space in Stoughton, MA, sold drugs via the Dark Web in exchange for Bitcoin, and shipped the drugs to customers using the United States Postal Service.

The strength of the evidence against Le and his apparent role as the leader of this sophisticated conspiracy distinguish him from McCall and Pires, who were released on conditions. Le signed the lease for the office space where agents executed a search warrant and found a pill press, large quantities of drugs, shipping supplies, more than $100,000 in cash, a computer opened to the Dark Web vendor page, and items bearing Le's name. Le also rented several mailboxes, where he received wholesale quantities of controlled substances, and he was observed by law enforcement mailing packages containing drugs. Additional pertinent evidence includes: the interception of a kilogram of cocaine en route to Le's personal residence, where he resided with his parents; Le's statement to an undercover agent that he had other individuals "working for him,"

---

[1] Pursuant to 18 U.S.C. § 3142(e)(3), a presumption exists that Le be detained because he is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. I agree with Judge Dein that Le rebutted the presumption and I therefore focus the analysis on the 18 U.S.C. § 3142(g) factors. Nonetheless, the rebutted presumption "does not cease to have effect" and remains "one factor to be considered … in determining whether the defendant must be detained." United States v. O'Brien, 895 F.2d 810, 815 (1st Cir. 1990).

Docket # 40 at 37; text messages from Le's phone in which he delegated tasks within the conspiracy, Docket ## 40-5, 40-6; and law enforcement's recovery of ammunition and drug residue in trash discarded by Le outside the office space.

In light of the nature of the charge, the weight of the evidence against Le, and Le's central role in the alleged conspiracy, the government has established by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community.

### B. Risk of Flight

The government has also met its burden by a preponderance of the evidence that no conditions will assure Le's future appearance as required.[2] Le faces the possibility of significant prison time. He was arrested while attempting to exchange $200,000 worth of Bitcoin for U.S. currency and may have access to additional drug proceeds if released. The alleged conspiracy also had an international dimension, involving drug shipments from Switzerland and Canada, and Le has family ties to Vietnam.

## II. Conclusion

The motion to revoke the detention order (Docket # 56) is DENIED.

|  |  |
|---|---|
| 9/24/2019 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

---

[2] While Magistrate Judge Dein determined that McCall and Pires should be detained for safety reasons alone, she ordered Le detained for safety <u>and</u> risk of flight concerns.

3