**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 19-Cr-10199-RWZ (JGD)** |
| **BINH THANH LE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTERIM STATUS REPORT PURSUANT TO LOCAL RULE 116.5(b)**

Pursuant to Local Rule 116.5(b), the United States, by its undersigned counsel, respectfully submits the following status report regarding the above-captioned matter, which is set for an interim status conference on Monday, May 4, 2020.   Government counsel circulated a draft of this status report to defense counsel, and comments that were received have been incorporated.

**Defense counsel requests that the interim status conference be continued for 90 days in order to permit defense counsel time to continue their review of the voluminous Automatic Discovery that has been produced by the government.   Despite the exercise of due diligence, counsel's review of the materials has been delayed by the unexpected need to address emergency issues arising from the COVID-19 pandemic.   Additionally, the COVID-19 pandemic has limited counsel's ability to meet with the defendants and review discovery with them.   The government has no objection to this request, but asks that the time between May 4, 2020, and the new date for the interim status conference be excluded under the Speedy Trial Act.   Defense counsel assent to this request.**

The defendants in this case are charged with conspiring to manufacture, distribute, and possess with intent to distribute 3,4-Methylenedioxymethamphetamine a/k/a "MDMA," Ketamine, and Alprazolam in violation of 21 U.S.C. § 846.

Defendants Steven McCall ("McCall") and Allante Pires ("Pires") have been released on conditions.   Defendant Binh Le ("Le") is detained, but has filed a renewed motion for release which is pending.

## I.        Status of Automatic Discovery

The United States has produced Automatic Discovery materials.   Those materials are voluminous and total more than 27,000 pages produced on a flash drive and DVD. Additionally, the United States produced a 1 TB hard drive containing the forensic data obtained from the search of various seized electronic devices.   The produced materials include, *inter alia*: 45 search or tracking warrants; business records from various sources; historical location data pertaining to cellular telephones obtained pursuant to search warrants; GPS tracker data obtained pursuant to search warrants; records from Customs and Border Protection relating to numerous border searches and seizures; surveillance and investigation reports; video surveillance footage; evidence obtained via searches of various locations, parcels, and electronic devices; pole camera footage; and photographs.

The United States also has made available to the defendants for inspection and copying a substantial quantity of other materials, including, but not limited to: physical materials recovered during the execution of searches; abandoned trash that was recovered at various times during the course of the investigation; materials obtained from undercover buys; returned mailings associated with *EastSideHigh*; materials that were in the custody of a defendant when he was arrested; and video surveillance footage.

## II.       Additional Discovery

The United States has continued to produce discovery to defense counsel and anticipates additional future productions consisting of laboratory analyses of seized controlled substances

(which have not yet been completed).    Upon receipt of these materials, undersigned counsel will promptly forward these materials to defense counsel.

The government's investigation into the activities of the defendants and others is continuing.    As a result, the United States anticipates that additional evidence is likely to be obtained.    The United States understands that it has an ongoing and continuing duty to produce discovery.

### III.     <u>The Timing of Additional Discovery Requests</u>

Defendants' counsel have not made any discovery requests to date.    To the extent that there have been any issues or questions concerning discovery, the parties have been able to resolve those matters without need for judicial intervention.

Counsel have indicated that they require additional time to review the discovery materials that were provided, as well as the other discovery materials that are being made available, before making any discovery requests.    Counsel's review of the materials has been delayed, despite the exercise of due diligence, by the COVID-19 pandemic, which has resulted in the unexpected need to address emergency matters.    Moreover, the COVID-19 pandemic has limited counsel's ability to meet with the defendants and review discovery with them.    The United States has no objection to this Court granting counsel additional time and recommends that the Court schedule another interim status conference in 90 days.    To the extent that the defendants are afforded relief from the timing requirements, the United States requests similar relief.

IV.     **Protective Order**

There are no protective orders in place in this case.   Because the government's investigation is ongoing, the government may seek a protective order in the future should the circumstances so warrant.

V.     **Pretrial Motions**

The United States believes that it may still be too early to establish a motions date and that the scheduling of a motions date might be more appropriate at the next interim status conference.

VI.     **Timing of Expert Disclosures**

The United States believes that it is premature at this time to require the production of expert discovery pursuant to Fed. R. Crim. P. 16(a)(1)(G) and that such production should be required if it is determined that a trial or any other hearing will be necessary where the United States will present expert witnesses.   The United States understands that defendants McCall and Pires reserve the right to request discovery concerning expert witnesses under Fed. R. Crim. P. 16(a).   Counsel for defendant Le requests expert discovery and asks that the government be required to produce expert discovery 45 days before trial.   To the extent that expert discovery is requested by the defendants, the United States requests reciprocal discovery.

VII.     **Defenses of Insanity, Public Authority, or Alibi**

The United States has requested notice of any intention to rely upon a defense of insanity, public authority, or alibi.   No defendant has provided notice of intent to rely upon any such defense.

VIII.   **Periods of Excludable Delay**

As set forth in the Court's Orders dated June 21, 2019 (ECF Dkt. 39), August 2, 2019

(ECF Dkt. 49), September 26, 2019 (ECF Dkt. 67), November 8, 2019 (ECF Dkt. 71), January 7,

2020 (ECF Dkt. 76), and March 9, 2020 (ECF Dkt. 80), the Court has excluded under the Speedy

Trial Act the time period from June 21, 2019, through May 4, 2020.   To date, therefore, there

have been no non-excludable days under the Speedy Trial Act.

IX.   **Status of Plea Discussions/Likelihood and Estimated Length of Trial**

Government counsel and counsel for the defendants are exploring whether this matter

may be resolved prior to trial.   Counsel for the defendants need to complete their review and

evaluation of the Automatic Discovery materials prior to determining whether substantive plea

discussions will follow.   The United States anticipates that trial would take 10-14 days.

X.   **Scheduling Matters**

Counsel for the defendants are continuing to review the Automatic Discovery materials.

The parties believe it would be appropriate to schedule another interim status conference in 90

days.

The United States requests the Court to exclude the time between May 4, 2020, and the

date for the next interim status conference under the Speedy Trial Act, pursuant to 18 U.S.C.

§§ 3161(h)(7)(A), 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv) due to the voluminous discovery that

has already been produced; the fact that counsel for the defendants need additional time to

review discovery materials, to evaluate the filing of pretrial motions, and to explore the potential

disposition of the charges short of trial; and the potential for pretrial litigation should the case

proceed to trial.   Despite the exercise of due diligence, defense counsel require additional time

due to the ongoing COVID-19 pandemic.   Given the existence of these factors, the ends of

justice served by granting defense counsel sufficient time to review discovery materials is necessary for effective preparation and outweighs the best interests of the public and the defendants in a speedy trial.   Counsel for the defendants assent to this request.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:      */s/ James E. Arnold*
JAMES E. ARNOLD
RACHEL E. GOLDSTEIN
Assistant U.S. Attorneys
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3603/(617) 748-3242
James.Arnold@usdoj.gov
Rachel.Goldstein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ James E. Arnold
JAMES E. ARNOLD
Assistant U.S. Attorney

Dated: May 1, 2020.